UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| YOEL INDALECIO MORENO REVERON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26cv978 DRL-SJF |

OPINION AND ORDER

Immigration detainee Yoel Indalecio Moreno Reveron, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.

Mr. Moreno Reveron is a citizen of Venezuela. In March 2024, he was arrested by United States Border Patrol agents in Texas near the United States-Mexico border, served with a notice to appear in immigration court, and released on his own recognizance. In 2025, he was convicted of grand larceny in New York. In November 2025, he was taken into custody by United States Immigration and Customs Enforcement (ICE) agents in New York pursuant to an administrative warrant, and was then transferred to Miami Correctional Facility pending the conclusion of his removal proceedings [7-1]. An immigration judge ordered him removed to Venezuela, and the Board of Immigration Appeals (BIA) dismissed his appeal on August 13, 2026 [11-1].

Mr. Moreno Reveron alleged in his petition, filed in early July 2026 before the BIA's dismissal, that he was being wrongfully denied an opportunity for release on bond during

the pendency of his removal proceedings in accordance with 8 U.S.C. § 1226(a). The Warden responds that the petition should be denied because Mr. Reveron's removal proceedings have become final, and he is currently subject to mandatory detention under 8 U.S.C. § 1231 [11]. Mr. Reveron did not file a reply, and the time for doing so expired.[1]

The Warden first argues that this court lacks subject matter jurisdiction over the petition. The court has thoroughly considered its jurisdiction to review immigration detention under 8 U.S.C. §§ 1225, 1226, and 1231. For reasons given before, jurisdiction is secure. *See Liang v. English*, No. 3:25cv1052, 2026 WL 835853 (N.D. Ind. Mar. 26, 2026) (regarding § 1231); *De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025) (regarding § 1225 and § 1226).

The Warden additionally argues that Mr. Reveron has entered the 90-day "removal period" specified in § 1231, making his current detention mandatory. Under that statute, detention is mandatory while the government works to effectuate a noncitizen's removal. 8 U.S.C. §§ 1231(a)(1)(A), (a)(2)(A). The 90-day removal period begins on the latest of:

> **(i)** The date the order of removal becomes administratively final.
>
> **(ii)** If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> **(iii)** If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

[1] The court is in receipt of a "Writ of Error Coram Nobis" and extraneous exhibits filed by Multarrem Balkanli, purportedly on behalf of Mr. Moreno Reveron [12, 13]. In federal court, a *pro se* litigant cannot represent another *pro se* litigant, and there is no indication Mr. Balkanli is a licensed attorney. *See In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011); *Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010). These documents are also largely incomprehensible and are not responsive to the issue of whether Mr. Moreno Reveron is subject to mandatory detention under 8 U.S.C. § 1231, as argued by the Warden.

8 U.S.C. § 1231(a)(1)(B).

Mr. Moreno Reveron's removal period began on August 13, 2026, when the BIA dismissed his appeal. *See* 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1241.1(a). The removal period will continue through at least November 11, 2026, making his current detention mandatory under § 1231.[2] Therefore, he has not shown an entitlement to federal habeas relief.

For these reasons, the court DENIES the petition [2] and DIRECTS the clerk to enter judgment and to close this case.

SO ORDERED.

September 18, 2026

*s/ Damon R. Leichty*
Judge, United States District Court

[2] Even after this 90-day period, continued detention is authorized for certain groups of noncitizens for "a period reasonably necessary to secure removal." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001).